UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE DELFIN-MIER, ) | |
| ) | CASE NO. C10-795-RSM |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| A. NEIL CLARK, Field Office Director, U.S. ) | |
| Immigration and Customs Enforcement, ) | |
| ) | |
| Respondent. ) | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Jose Delfin-Mier[1] has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges his pre-removal order detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. 6.) He requests that this Court "[o]rder the Petitioner to be released on supervised release pending all finality or that the court orders the Agency to hold a bond hearing where individual factors are considered that can allow for the release of the Petitioner pending the conclusion of his legal matters . . . ." *Id*. at 2.

---

[1] Petitioner's name in the official caption is spelled "Jose Del Finj Meir." This spelling is not contained anywhere in the Administrative Record. The Court will instead use the spelling of his name that appears in documentation throughout the Administrative Record. Petitioner is also known as Jose Delfin Mier, Jose Mier Delfin, and Jose Delfin.

REPORT AND RECOMMENDATION
PAGE -1

Respondent has filed a motion to dismiss, asserting that petitioner is lawfully detained under the mandatory detention provisions of section 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c). (Dkt. 10.)

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who entered the United States on June 29, 1962, as a lawful permanent resident. (Administrative Record ("AR") at R17.) On December 9, 1993, he was convicted in the Superior Court of California, County of Santa Clara, for the offense of possession of cocaine for sale in violation of California Penal Code Section 11351. (AR L16, R25.) On April 18, 2003, the former Immigration and Naturalization Service[2] ("INS") served petitioner with a Notice to Appear, placing him in removal proceedings and charging him as subject to removal from the United States under INA § 237(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined in INA § 101(a)(43)(B), relating to illicit trafficking in a controlled substance. (AR L15-16.) On August 11, 2003, an immigration judge ("IJ") granted petitioner's application for waiver under former section 212(c) of the INA, allowing him to remain in the United States. (AR L170.)

On July 17, 2009, petitioner was convicted in the Marion County Circuit Court in the State of Oregon for possession of methamphetamine in violation of Oregon Revised Statute

---

[2] On March 1, 2003, the United States Immigration and Naturalization Service was dissolved as an independent agency within the Department of Justice and its functions were transferred to the Department of Homeland Security. Homeland Sec. Act of 2002, Pub. L. No. 107-296, § 471, 116 Stat. 2135, 2205.

475.894, and was sentenced to sixty days incarceration.[3]  (AR L179, R118.)  On July 21, 2009, petitioner was transferred directly from the Marion County Correctional Facility to ICE custody after completing his sentence.  (AR L179, R87, R121.)   ICE served him with a Notice to Appear, placing him in removal proceedings and charging him as subject to removal from the United States under INA § 237(a)(2)(B)(i), for having been convicted of a crime relating to a controlled substance.  (AR L165-67.)   ICE issued a notice of custody determination, informing petitioner that he would remain in the custody of the Department of Homeland Security pending a final determination by the immigration judge.  (AR L160.)

Petitioner's master hearing on his removal proceedings was originally scheduled for August 20, 2009, but was continued to September 15, 2009.  (AR L168, L169.)   On September 15, 2009, attorney Noel Smith filed a Notice of Appearance on petitioner's behalf (AR L183), and petitioner's master hearing was continued to October 15, 2009.  (AR L184.) On October 11, 2009, Mr. Smith filed a motion to withdraw his appearance as counsel for petitioner and to continue removal proceedings.  (AR L192.)   Petitioner's master hearing was continued again to November 17, 2009, and again to January 13, 2010.  (AR L193, L195.) On January 13, 2010, attorney Roxana Castaneda filed a Notice of Appearance on petitioner's behalf, and petitioner's master hearing was continued to February 3, 2010.  (AR L197, L198.)

On January 20, 2010, petitioner received a bond redetermination hearing before an IJ, who determined that she did not have jurisdiction to grant petitioner's request for a change in custody status because he is subject to mandatory custody under INA § 236(c).  (AR L199.) Petitioner reserved appeal of the IJ's custody decision but never filed an appeal.

---

[3] In addition to this offense, petitioner's record reflects convictions for driving under the influence, inflicting corporal injury on spouse, and battery.  (AR L179.)

REPORT AND RECOMMENDATION
PAGE -3

01    On February 3, 2010, the IJ granted Ms. Castaneda's motion to withdraw as counsel for
02 petitioner.  (AR L201.)   The same day, attorney Antonio Salazar filed a Notice of Appearance
03 on petitioner's behalf (AR L206), and petitioner's master hearing was continued again to March
04 4, 2010, and again to April 8, 2010.  (AR L200, L207.)

05    On April 8, 2010, petitioner filed a Form I-589 Application for Asylum and
06 Withholding of Removal, alleging that he is scared to return to Mexico because of "the
07 rampant, uncontrolled violence in Mexico caused by a combination of police and public official
08 corruption, lawless gangs and narco traffickers."  (AR L209-222.)   In addition, he claims that
09 he would be at greater risk than the average person because he "would be within a class of
10 returning Mexicans who are perceived to have money or access to money."  (AR L210.)
11 Finally, he claims that his brother was assassinated by a crime family in Mexico, and he
12 believes that he would be targeted by this crime family if he returns.  (AR L209.)   After
13 petitioner's application for asylum was filed, the IJ scheduled an individual hearing for June 8,
14 2010.  (AR L208.)   On June 7, 2010, however, the Immigration Court, "due to unforeseen
15 circumstances," changed the date of the hearing to July 27, 2010.[4]  (AR L321-322.)   On July
16 27, 2010, petitioner appeared pro se for his hearing and requested additional time to find
17 counsel.  (Dkt. 10 at 5.)   The IJ granted petitioner's request and rescheduled the master
18 hearing for September 27, 2010.  (Dkt. 10, Ex. A.)

19    On June 23, 2010, petitioner filed the instant pro se habeas petition, challenging his
20 continued detention.  (Dkt. 6.)   On July 28, 2010, respondent filed a motion to dismiss.  (Dkt.

21

22    [4] It is unclear from the record why petitioner's hearing was rescheduled, but respondent notes that petitioner's counsel Antonio Salazar was disbarred and petitioner was seeking new counsel.  (Dkt. 10 at 5 n.5.)

REPORT AND RECOMMENDATION
PAGE -4

10.)  Petitioner did not file a response.

## III.  DISCUSSION

Section 236(c) of the INA provides that "[t]he Attorney General *shall take into custody any alien who*" is deportable from the United States because he has been convicted of certain crimes specified in the provision.  INA § 236(c)(1)(B)(emphasis added).  Specifically, INA § 236(c) states, in part, as follows:

> (c)  Detention of criminal aliens
>   (1) Custody
>     The Attorney General shall take into custody any alien who –
>       . . .
>       (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
>       . . .
> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c).  Unlike non-criminal aliens who are detained under INA § 236(a), criminal aliens detained under INA § 236(c) during removal proceedings are not entitled to a bond hearing and are not provided the opportunity to show that their detention is unnecessary because they are not a danger to the community or a flight risk.  *See Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 946 (9th Cir. 2008).

In *Demore v. Kim*, 538 U.S. 510, 531, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003), the Supreme Court held that mandatory detention without an individualized bond determination was constitutionally permissible.  In reaching that conclusion, the Supreme Court emphasized that under INA § 236(c), "not only does detention have a definite termination point, in the majority of cases it lasts for less than 90 days . . . ."  *Id*. at 529.  The Supreme Court held that

REPORT AND RECOMMENDATION
PAGE -5

"Congress, justifiably concerned that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers, may require that persons such as respondent be detained for the brief period necessary for their removal proceedings." *Id.* at 513.

In the present case, ICE charged petitioner with being removable from the United States for having been convicted of a crime relating to a controlled substance under INA § 237(a)(2)(B)(i). Thus, petitioner falls squarely within the group of criminal aliens described in INA § 236(c)(1)(B) for whom detention is mandatory. Although petitioner has been detained longer than average, approximately 13 months, petitioner himself requested and received ten continuances of his removal proceedings. *See Kim* at 531.

Petitioner argues that he is entitled to a bond hearing under the Ninth Circuit's decisions in *Casas-Castrillon*, 535 F.3d at 942; and *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008). (Dkt. 6 at 2-4). However, the authorities cited by petitioner do not apply to the facts of his case.

In *Prieto-Romero* and *Casas-Castrillon*, the Ninth Circuit held that aliens who are in immigration detention pending judicial review of an administratively final order of removal are entitled to an individualized bond hearing before an Immigration Judge regardless of whether they were detained under INA § 236(a)(discretionary detention) or INA § 236(c)(mandatory detention) during removal proceedings. *Casas-Castrillon*, 535 F.3d at 942; *Prieto-Romero*, 534 F.3d at 1053. Both of the aliens in *Prieto-Romero* and *Casas-Castrillon* were detained pending Ninth Circuit review of their administratively final orders of removal. *Id*. Here, however, unlike *Prieto-Romero* and *Casas-Castrillon*, petitioner is still in removal proceedings

before the Immigration Court.  Thus, petitioner's detention is governed by INA § 236(c) until his removal proceedings have been completed.  *See* INA § 241(a)(1)(B); *see also* INA § 101(47)(B).  Accordingly, petitioner is not entitled to a bond hearing or release from mandatory detention.

Petitioner also argues that his detention is indefinite in violation of *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).  (Dkt. 6 at 4).  Respondent argues that the indefinite detention analysis does not apply under these circumstances.  (Dkt. 10 at 8-10).  The Court agrees with respondent.

In *Zadvydas*, the Supreme Court considered whether the post-removal-period statute, INA § 241(a)(6), 8 U.S.C. § 1231(a)(6), authorizes the Attorney General "to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal."  *Zadvydas*, 533 U.S. at 682.  The petitioners in *Zadvydas* could not be removed because no country would accept them.  Thus, removal was "no longer practically attainable," and the period of detention at issue was "indefinite" and "potentially permanent."  *Id*. at 690-91.  The Supreme Court held that INA § 241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does not permit "indefinite detention."  *Id*. at 689-697.  The Court concluded that after a presumptively reasonable six-month period of post-removal-period detention, an alien is eligible for conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Id*. at 701.

Here, however, the *Zadvydas* rule is inapplicable for two reasons.  First, petitioner's removal period has not begun because he is still in removal proceedings.  *See* INA §

241(a)(1)(B).  Second, petitioner's detention is not indefinite because he "remains capable of being removed, even if it has not yet finally been determined that he should be removed." *Prieto-Romero*, 534 F.3d at 1065.  Once petitioner's removal proceedings have been completed, ICE will remove petitioner to Mexico or release him.  Thus, "he is not stuck in a 'removable-but-unremovable limbo,' as the petitioners in *Zadvydas* were."  *Id.* at 1063.  Accordingly, a *Zadvydas*-like release from detention is inapplicable to petitioner's circumstances.

## IV.  CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED with prejudice.

DATED this 1st day of September, 2010.

Mary Alice Theiler
United States Magistrate Judge